IN THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALLAN A. PETERSEN, <br>     Petitioner/Movant, <br><br> vs. <br><br> DARLENE A. DREW, WARDEN, <br> F.P.C. MONTGOMERY, <br>     Respondent. | Civ.No.#2:08cv040WKW |

## MEMORANDUM IN SUPPORT OF THE
## MOTION TO AMEND PETITIONER'S REPLY

**(1):** In this case at bar, the Respondent responded to this civil action using declarations and other attachments as evidence in support of their argument to deny relief. One of their declarations was produced from case manager Michael Rowe, which stated in part as follows:

> "[I]t is important to note that my assessment that Petitioner would only require up to six months RRC placement is only a recommendation. The final determination will be made by the RRC in consultation with the U.S. Probation Department."Id.

See: Michael Rowe, Declaration at Paragraph 11.

**(2):** After contacting the Probation Office in the Virgin Islands and persuing information regarding placement of inmates in the territory of the Virgin Islands and Puerto Rico by correspondence. Petitioner was informed by the agency officer in part as follows:

> "**In most instances,** individuals come to us on the Bureau of Prisons Home Confinement Program, with Electronic Monitoring, within the last 180 days of their sentence. In addition, **we have no jurisdiction to place** or request placement in the District of Puerto Rico. If it is your desire to reside there while on supervised release, **you would need to request a transfer of supervision to that district WHILE IN CUSTODY.**"Id.

See: Attachment 1.

**(3):** Thus, the probation department does not have the final determination of the amount of time needed for placement in a RRC, and neither do they have jurisdiction to place inmates, or request placement of inmates in the District of Puerto Rico. As they indicated, Petitioner would need to request a transfer of supervision to another district WHILE HE IS STILL IN THE CUSTODY OF THE BOP. Moreover, **six months (180 days)** is not a base figure for home confinement placement in the Virgin Islands for inmates. It was done only _in most instances_ previously under former statutes (28 CFR 570.20-21) that the BOP follows to this day, which is ruled by several Courts as invalid. However, the Second Chance Act of 2007, allows placement in a RRC up to 12 months now, instead of within the last 180 days of a inmate's sentence. Where there is a recommendation for more than 6 months placement **(in home confinement or halfway house)** it must be approved by the Director of the Regional Office as the BOP's article on the Second Chance Act of 2007, indicates. **See: Exhibit B and G, in Petitioner's Reply.** It states in part:

> **"[W]ritten approval must be obtained from the Regional Director if staff determine that a period in excess of 6 months may be needed on an individual basis."** Id.

**Petitioner's Reply, Exhibits B and G.**

The Declaration of Michael Rowe further stated in part:

> **"The Probation Department in the Virgin Islands has a cap of 12 people, and they make the final determination regarding home confinement on all releases within their jurisdiction."** Id.

**See: Michael Rowe's Declaration at Paragraph 9.**

Therefore, in light of the PO's response, it is the BOP staff that makes the recommended time and placement of a inmate in a RRC, or home confinement on prerelease, and not the probation department which lacks jurisdiction to place inmates, or make a determination on the amount of time needed for prerelease.

## CONCLUSION

**WHEREFORE,** Petitioner prays this Court grant the motion to Amend Petitioner's Reply response with new evidence, respectfully.

Respectfully submitted this 27 day of June, 2008.

_____
Allan Petersen 03533-094
Federal Prison Camp Montgomery
Maxwell Air Force Base
Montgomery, Alabama 36112

## CERTIFICATE OF SERVICE

I Certify under the penalty of perjury 28 USC § 1746, that I have served by mail a exact copy of this Motion requesting leave to Amend new evidence from the Probation Office, and the Memorandum in support thereof with the evidence, to the parties listed below on this 27 day of June, 2008, by depositing them in prepaid envelopes sealed into the U.S. Postal Service Mail Box on the compound of FPC Montgomery.

_____
Allan Petersen 03533-094


Interested Parties:
------------------

R. Randolph Neely
AUSA Bar No.#9083-E56R
P.O.Box 197,
Montgomery, Alabama 36101-0197

Middle District of Alabama
Office of the Clerk
United States District Court
P.O.Box 711,
Montgomery, Alabama 36101-0711

# DISTRICT COURT OF THE VIRGIN ISLANDS
## U.S. Probation / Pretrial Services

**Denise Donadelle-DeCosta**
Chief U.S. Probation Officer



Ron de Lugo Federal Bldg.
& U.S. Courthouse
5500 Veterans Drive, Suite 335
St. Thomas, VI 00802
(340) 774-4821
Fax: (340) 714-1479

June 10, 2008

Allen A. Petersen
Reg. No.: 03533-094
FPC Maxwell Air Force Base
Montgomery, AL 36112

Re: Dkt. No.: Cr- 95-073-003

Dear Mr. Petersen:

   This letter is in response to your letter dated June 3, 2008. At that time you requested to be placed in a Residential Re-Entry Center. Please be advised that the District of the Virgin Islands has no Bureau of Prisons Residential Re-Entry Center. In most instances, individuals come to us on the Bureau of Prisons Home Confinement Program, with Electronic Monitoring, within the last 180 days of their sentence. In addition, we have no jurisdiction to place or request placement in the District of Puerto Rico. If it is your desire to reside there while on supervised release, you would need to request a transfer of supervision to that district while in custody.

Also, regarding your child support issues. Once your are released from custody, you can make a request to the Paternity and Child Support Division, that your child support arrearage, which accumulated while you were in custody be waived. While this is a courtesy from that agency, it is usually extended to individuals in your circumstances. You will need to provide dates in which you were incarcerated. This information is generally provided by our office.

I hope this answers any questions, concerns and any specific information about the lack of a Bureau of Prisons Residential Re-Entry Program in the District of the Virgin Islands.

Sincerely,

Larry T. Glenn, Team Leader
U.S. Probation Officer

*One District, dedicated to service, striving for excellence in all that we do!*