IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALLAN A. PETERSEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:08cv40-SRW |
| ) | (WO) |
| DARLENE A. DREW, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

On January 13, 2008, Allan A. Petersen ("Petersen"), acting *pro se*, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1]  When he filed his petition, Petersen was a federal prisoner confined at the Maxwell Federal Prison Camp ("Maxwell FPC") in Montgomery, Alabama.[2]  In his petition, as amended, Petersen alleges that the Federal Bureau of Prisons ("BOP") miscalculated his release date and thereby extended the term of his incarceration by several months, in violation of his right to due process.  (*Petition*, Doc.

---

[1] Although the petition was date-stamped "received" in this court on January 16, 2008, it was signed by Petersen on January 13, 2008.  Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing, presumptively the day it is signed by the inmate.  *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).

[2] In March 1995, a federal grand jury sitting in the District of the Virgin Islands indicted Petersen and others for trafficking in cocaine.  On December 7, 1995, following a jury trial, Petersen was found guilty of conspiring to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  On July 1, 1996, the trial court sentenced Petersen to 188 months' imprisonment and 5 years' supervised release.  Petersen served his prison sentence in various federal facilities, the last of which was Maxwell FPC.  Petersen completed his incarceration term and was released from prison on July 30, 2009.

No. 1, at pp. 3-5; *Amended Petition*, Doc. No. 11, at pp. 3-4.)  In addition, Petersen alleges that the BOP improperly failed to consider the factors outlined in 18 U.S.C. § 3621(b) when determining that his placement in a Residential Reentry Center ("RRC")[3] should be limited to the final six months of his sentence.  (Doc. No. 1 at pp. 6-8; Doc. No. 11 at pp. 1-3.)

For the reasons that follow, this court finds that Petersen is not entitled to habeas corpus relief.

## II.  DISCUSSION

### A.  *The BOP's Calculation of Petersen's Release Date*

Petersen contends that the BOP's calculation of his release date is incorrect. Specifically, he claims that his release date should have been April 1, 2009, not July 30, 2009, as computed by the BOP, and that the BOP's error in calculation improperly extended his term of incarceration in violation of his due process rights.  (*See* Doc. No. 1, at pp. 3-5; Doc. No. 11, at pp. 3-4.)  He requests that this court order the BOP to recalculate his release date pursuant to BOP Program Statement ("PS") 5100.08 in the Inmate Security Designation and Custody Classification Manual, which would result, he says, in an earlier release date.[4]

---

[3]Such facilities formerly were called Community Confinement Centers or CCCs.  "Under either name, the facility refers to the federal version of a halfway house or work release program where, in preparation for their eventual release, inmates are permitted to leave during the day to work, but are otherwise required to remain at the [RRC] and account for their whereabouts." *Veneziano v. Grayer*, [No. 1:07cv2047-TWT] 2008 WL 542638, at *1 n.1 (N.D. Ga. Feb. 22, 2008).

[4]Although Petersen completed his incarceration term since filing his habeas petition, the court finds that this claim in his petition is not moot, because he is still serving his term of supervised release, "which is part of his sentence and involves some restrictions upon his liberty.  Because success for [Petersen] could alter the supervised release portion of his sentence, [his claim]
(continued...)

The policy and procedures used by the BOP in calculating a federal prisoner's release date are set forth in PS 5880.28 of the Sentence Computation Manual.  *See* PS 5880.28, ¶ 1. (Doc. No. 18, Attachment 4, at p. 11; *Declaration of Jeff Johnson*, Doc. No. 18-12, at p. 2.) In response to Petersen's petition, his sentence was reviewed by Jeff Johnson, a BOP Correctional Program Specialist at the Designation and Sentence Computation Center in Grand Prairie, Texas, which is responsible for the sentence computations of all federal inmates. (*Johnson Declaration* at pp. 1-3).  In an affidavit filed with this court, Johnson indicates that, in accordance with PS 5880.28, he prepared a sentence computation for Petersen that commenced Petersen's sentence on the date it was imposed, July 1, 1996. (*Id*. at pp. 2-3.)  In Johnson's computation, Petersen received credit for all time he spent in federal detention from the date of his initial arrest, on February 17, 1995, until his release on bond on February 22, 1995.  (*Id*. at p. 2.)  Petersen also received credit from the date of his re-arrest (upon his conviction) on December 7, 1995, until the day before his sentencing, June 30, 1996, for a total of 213 days of prior-custody credit.  (*Id*.)  In addition, Petersen was credited with 731 days of projected good conduct time ("GCT").  Finally, he was disallowed 7 days of GCT for a disciplinary infraction occurring in October 2006.  (*Id*.).  According to the calculations performed by Johnson in his review of Petersen's sentence, Petersen's release date is July 30, 2009.  (*Id*.)

Petersen contends that, in calculating his sentence, the BOP should have used the

---

[4](...continued)
is not moot."  *Dawson v. Scott*, 50 F.3d 884, 885 n.1 (11th Cir. 1995).

formula outlined in PS 5100.08, Chapter 4, p.6, "months to release," in the Inmate Security Designation and Custody Classification Manual. He maintains that if the "months to release" formula in PS 5100.08 were used to calculate his release date, it would have resulted in a release date of April 1, 2009, instead of July 30, 2009. His argument is unavailing.

The "months to release" formula in PS 5100.08 reflects only an "*estimated* number of months the inmate is *expected* to be incarcerated." (*See* Doc. No. 18, Attachment 4, at p. 9; emphasis added.) Moreover, PS 5100.08 pertains to the security and classification of inmates, not to the calculation of sentences. *See* PS 5100 .08 at 1 ("This Program Statement provides policy and procedure regarding the Bureau of Prisons inmate classification system."); *see also Johnson Declaration* at p. 3 (stating that the formula in PS 5100.08 "is merely an approximation, or an 'estimate' used in scoring a prisoner's custody and classification level, and is not intended to calculate an inmate's lawful release date"); *La Gatta v. Berkebile*, [No. 3-07-CV-1519-P] 2008 WL 682385, at *2 (N.D. Tex. Mar. 6, 2008) (holding that PS 5100.07, predecessor to PS 5100.08, "is to assist prison officials in classifying inmates for security purposes" and does not apply to sentence calculations); *Perez v. Lindsay*, [No. 1:CV-05-2045] 2006 WL 2882966, at *2-3 (M.D. Pa. Oct. 6, 2006) (holding that both PS 5100.08 and PS 5100.07 are unrelated to sentence calculations).

Simply put, PS 5100.08 does not apply to the calculation of a federal inmate's sentence, and Petersen's argument that his release date should be calculated using the "months to release" formula in PS 5100.08 is without merit. Because Petersen fails to show that his release date was improperly calculated using the policy and procedures set forth in

PS 5880.28, he is not entitled to any relief based on this claim.[5]

## B.     *RRC Placement*

Petersen contends that the BOP improperly failed to consider the factors outlined in 18 U.S.C. § 3621(b) when determining that his placement in an RRC should be limited to the final six months of his sentence.  (*See* Doc. No. 1 at pp. 6-8; Doc. No. 11 at pp. 1-3.)

Petersen's objective in asserting this claim was to obtain placement in an RRC for a period longer than the final six months of his sentence.  However, because Petersen has fully completed his incarceration term, this court cannot now give him meaningful habeas relief on this claim, even if the claim were meritorious.  Unlike Petersen's claim about the BOP's calculation of his release date, a finding by this court that Petersen was entitled to placement in an RRC for more than the final six months of his sentence could have no effect on the supervised release portion of his sentence.  "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002).  Because this court can no longer give Petersen meaningful relief as to his claim regarding placement in an RRC, the court finds that this claim should be dismissed as moot.

In any event, Petersen fails to establish that this claim is meritorious.  At the time

---

[5]Because the court finds no merit in Petersen's claim that the BOP should have calculated his release date using the "months to release" formula in PS 5100.08, the court likewise finds no merit in his related contention that the date of his placement in an RRC should have been based on his release date as determined using the PS 5100.08 "months to release" formula.  (*See* Doc. No. 1 at pp. 3-4 and 6-8.)

5

Petersen filed his habeas petition in January 2008, the BOP was operating according to a rule, adopted in February 2005 and codified at 28 C.F.R. §§ 570.20 and 570.21, that limited a federal inmate's RRC placement eligibility to the last ten percent of the inmate's sentence, not to exceed six months. *See Wedelstedt v. Wiley*, 477 F.3d 1160, 1166 (10th Cir. 2007)*; see also, e.g., Veneziano v. Grayer*, [No. 1:07cv2047-TWT] 2008 WL 542638, at *6 (N.D. Ga. Feb. 22, 2008). Also pursuant to the rule, the BOP eschewed individualized consideration of each of the five factors listed in 18 U.S.C. § 3621(b) when assessing an inmate for placement in an RRC.[6]  *See Veneziano*, 2008 WL 542638, at *6; *see also e.g., Estes v.*

---

[6]Section 3621(b) provides, in pertinent part:

**Place of imprisonment**. – The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering –

    (1) the resources of the facility contemplated;

    (2) the nature and circumstances of the offense;

    (3) the history and characteristics of the prisoner;

    (4) any statement by the court that imposed the sentence –

        (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

        (B) recommending a type of penal or correctional facility as appropriate; and

    (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

(continued...)

*Federal Bureau of Prisons*, 273 F.Supp.2d 1301, 1307-08 (S.D. Ala. 2003) (with regard to similar BOP policy in effect from December 2002 to February 2005).  The BOP's original recommendation of Petersen for six months' placement in an RRC was made under this rule.  Petersen argues that this BOP rule is based on an incorrect reading of § 3621(b) and 18 U.S.C. §3624(c)[7] and is thus inconsistent with the governing statutes.  (*See* Doc. No. 11 at pp. 1-3.)  He maintains that the BOP's application of the rule in his case focused entirely on his time served and resulted in the BOP's failure to make an individualized consideration of his RRC placement eligibility using the five-factor criteria from § 3621(b).  (*Id.* at p. 3.)  He asserts that the BOP improperly limited his RRC placement to the final six months of his incarceration term, when an individualized consideration of the factors in § 3621(b) might have resulted in his earlier placement in an RRC.[8]  (*Id.*)

---

[6](...continued)
18 U.S.C. § 3621(b).

[7]At the time Petersen filed his petition, § 3624(c) provided:

**Pre-release custody.** – The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.  The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

18 U.S.C. § 3624(c).  2008 Amendments. Subsection (c). Pub.L. 110-199, § 251(a), subsequently rewrote subsection (c) of § 3624 and increased the maximum possible RRC pre-release placement period to 12 months.

[8]The majority of courts that have considered similar challenges to this BOP rule have
(continued...)

On April 9, 2008, less than three months after Petersen filed his habeas petition, Congress passed the Second Chance Act, Pub. L.No. 110-199. The Second Chance Act amended § 3621(a) and § 3624(c), and in accordance with the amendments, the BOP no longer follows the rule codified at 28 C.F.R. §§ 570.20 and 570.21. *See Steeples v. Augustine*, [No. 4:08cv39-WS] 2008 WL 4443829, at *1 (N.D. Fla. Sept. 26, 2008). The Second Chance Act requires that the BOP review inmates for RRC placement 17-19 months before their projected release dates, and inmates are to be individually considered using the five factors in § 3621(b). *Id.*

As a result of the passage of the Second Chance Act, the BOP reassessed Petersen's RRC placement using the five factors in § 3621(b). (*Declaration of Michael Rowe*, Doc. No. 18-13, at p. 2.) The reassessment was conducted by Michael Rowe, a BOP Case Manager at Maxwell FPC. (*Id.*) After weighing the factors outlined in § 3621(b), Rowe determined that Petersen should be recommended for a RRC placement of six months (as was the BOP's original recommendation).[9] (*Id.* at p. 3.) On May 8, 2008, the BOP advised Petersen that he

---

[8](...continued)
determined that the rule is, indeed, invalid. *See Wedelstedt v. Wiley*, 477 F.3d 1160, 1166 (10th Cir. 2007); *Levine v. Apker*, 455 F.3d 71, 87 (2nd Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088, 1092 (8th Cir. 2006); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 237 (3rd Cir. 2005). Additionally, the First and Eighth Circuits previously concluded that an earlier BOP policy, which similarly prohibited CCC transfer prior to the last part of a prisoner's term, constituted an impermissible restriction on the BOP's discretion in prisoner assignment. *See Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004); *Goldings v. Winn*, 383 F.3d 17, 28-29 (1st Cir. 2004); *see also Pinto v. Menifee*, [No. 04 Civ.5839 MHD] 2004 WL 3019760, at *4-5 (S.D. N.Y. Dec. 29, 2004) (collecting district decisions regarding earlier BOP policy).

[9]Rowe's affidavit filed with this court contains his detailed consideration of each § 3621(b)
(continued...)

was being recommended for an RRC placement of six months and that, if approved, his placement in the RRC would commence on January 30, 2009. (*Id*. at p. 5.) Thus, it is clear that BOP's placement of Petersen in an RRC for the final six months of his sentence was based on the BOP's consideration of the five factors outlined in § 3621(b). As a result, this court concludes that the BOP's initial RRC recommendation, which was based on the BOP's application of the now superseded rule, actually had no practical effect on Petersen's RRC placement, and Petersen has already received the benefit of any remedy the court could have ordered in this case if he had prevailed.

### III.  CONCLUSION

Accordingly, the court concludes that the petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petersen should be denied and this case should be dismissed with prejudice.

A separate final judgment will be entered.

Done, this 23rd day of November, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[9](...continued)
factor as it applies to Petersen. (*Rowe Declaration* at pp. 3-5.)